## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Daniel Porter, a United States Postal Inspector being duly sworn, hereby state:

## I.   **AGENT BACKGROUND AND RELEVANT CRIMES**

1.      I am a U.S. Postal Inspector and have been so employed since February of 2017. Currently, I am assigned to the Contraband Interdiction and Investigations (CI2) team of the Denver Division of the United States Postal Inspection Service (USPIS), and specifically to the Prohibited Mailing of Narcotics assignment.  I work out of the Grand Junction office.  I have completed training at the United States Postal Inspection Service Academy in Potomac, Maryland.

2.      Title 21, United States Code, Section 841(a)(1) provides, in relevant part: it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, and shall be imprisoned up to ten years and fined up to $1 million to $10 million.

3.      Title 21, United States Code, Section 843(b) provides, in relevant part: it shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II.  Each separate use of a communication facility shall be a sperate offense under this subsection.  For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication, and any person who violates this section shall be sentenced to a term of imprisonment of not more than ten years, a fine under Title 18 or both.

4.      Title 21, United States Code, Section 846, provides, in relevant part: any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed in the offense, commission of which was the object of the attempt or conspiracy.

5.      Title 18, United States Code, Section 922(g)(1), provides, in relevant part: it shall be unlawful for any person who has been convicted in any court, of a crime punishable by imprisonment

for a term exceeding one year, to knowingly possess a firearm and or ammunition, and shall be fined as provided in this title, imprisoned not more than 10 years, or both.

6.      This Affidavit is made in support of an application for a Criminal Complaint charging Anthony James ROMERO with distribution and possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), use of communication facility to commit a felony drug trafficking offense in violation of Title 21, United States Code, Section 843(b), conspiracy to distribute a controlled substance in violation of Title 21, United States code, Section 846 and felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).  The Affidavit serves to establish probable cause for the arrest of ROMERO.  It does not detail every fact of the investigation into ROMERO, or all information known to me and other law enforcement investigators regarding ROMERO.  The Affidavit is based on my training and experience as well as my involvement and communications with witnesses and other law enforcement agents in this case.

## II.      STATEMENT OF PROBABLE CAUSE

7.      On February 25, 2022, I was monitoring United States Postal Service (USPS) databases regarding inbound suspected narcotics package activity via the US Mail around Grand Junction, CO and I identified suspicious mailings being sent to 478 Bing St, Grand Junction, CO 81504.

8.      According to USPS databases, since March 30, 2021, 478 Bing St, Grand Junction, CO 81504 has received a total of nine (9) parcels all, paid for in cash, averaging three (3) pounds, and all sent from Nogales, AZ.  Based on my training and experience I believe these parcels were likely narcotics parcels because they were all paid for in cash and from a known drug source area, and the consistent weights indicate a repeating pattern of shipment and purchase to Grand Junction, CO.

9.      A further search of USPS databases indicates that multiple suspected narcotics proceeds and or bulk cash, were sent from Clifton, CO back to Nogales, AZ shortly around the time of the most recent suspected inbound narcotics parcels.  Of note is that the address of where the suspected narcotics parcels were sent to from Clifton, CO, is linked to and or is currently being monitored by multiple US Postal Inspectors related to multiple narcotics investigations.  This address is located not only close to the US/Mexico border but is also a Commercial Mail Receiving Agency (CMRA), which allows for individuals to open up a PO Box and remain discreet by the CMRA's more often than not being less

regulated that official USPS PO Boxes.  Based on my training and experience, CMRAs are often used by Drug Trafficking Organizations (DTOs), to remain anonymous while shipping and receiving payments for drug trafficking through the US Mail.

10.     A search of the address at 478 Bing St, Grand Junction, CO 81504 was conducted using USPS databases and CLEAR, a database used by law enforcement to verify names and addresses and phone numbers.  The search indicated that an Anthony J. ROMERO and a Jolene R SCARROW/ROMERO came back as the current residents at the address.

11.     On February 28, 2022, I drove by the residence of 478 Bing St, Grand Junction, CO 81504, and observed a female, matching the images and descriptions of SCARROW/ROMERO, standing in the front entrance of the residence, as well as multiple vehicles parked in the driveway with license plates registered to both ROMERO and SCARROW/ROMERO.

12.     On February 28, 2022, I spoke with multiple local law enforcement officers with the Western Colorado Drug Task Force regarding any local knowledge of ROMERO and SCARROW/ROMERO.  Local officers indicated that both ROMERO and SCARROW/ROMERO where well known to be active in the drug community on the Western Slope of CO and had been investigated by multiple agencies prior to my inquiry.

13.     A criminal history check of ROMERO indicates a history of evading, assault and homicide charges in Grand Junction, CO back in 2015.  According to contact with law enforcement officers with the Western Colorado Drug Task Force, ROMERO has been suspected of being linked to as a possible fentanyl supplier in the area with an investigation into his possible link to overdose related death(s) in Rifle, CO in 2019.  ROMERO is also a self-proclaimed "Norteno" gang member.

14.     According to Colorado State Courts, in 2016, case number 2014CR1184, ROMERO was convicted of Menacing, which is a class five felony.

15.     According to Colorado State Courts, in 2015, case number 2015CR945, ROMERO was convicted of vehicular eluding, which is a class five felony, and was sentenced to three years in the department of corrections.

16.     According to Colorado State Courts, in 2015, case number 2015CR946, ROMERO was convicted of second-degree assault with a deadly weapon, which is a class four felony and was

sentenced to eight years in the department of corrections.

17.     A criminal history check of SCARROW/ROMERO indicates a history of burglary, theft, assault, evading, fraud, identity theft and narcotics charges.

18.     According to Colorado State Courts, in 2018, case number 2016CR5723, SCARROW/ROMERO was convicted of possession of a controlled substance, a class four felony and was sentenced to two years of community corrections.

19.     On April 13, 2022, I received information for an inbound package, a USPS Priority Mail parcel, tracking number 9505 5125 8893 2101 4429 43, weighing approximately three (3) pounds, eight (8) ounces, addressed to "Tony Romero, 478 Bing St, Grand Junction, Colorado 81504" with a return address of "Jessica Martinez, 82 North Terrace Ave, PMB #355, Nogales, AZ 85621" hereafter referred to as  the "**Subject Parcel**", set to be delivered on April 15, 2022, at 478 Bing St, Grand Junction, CO 81504.

20.     On April 15, 2022, I intercepted **Subject Parcel** from the Grand Junction Processing and Distribution Facility located at 602 Burkey St, Grand Junction, CO 81505.

21.     During a visual and physical examination of the **Subject Parcel**, I noticed several anomalies that based on my training and experience, indicated characteristics of parcels containing controlled substances and/or proceeds of narcotics trafficking, such as:

(a).     the **Subject Parcel** is being sent by Priority Mail with a delivery confirmation number, which has a tracking service that allows the sender, recipient, or anyone else with the tracking number to identify the location of the **Subject Parcel** in the mail stream.

(b).     The **Subject Parcel** is being mailed from Nogales, AZ to Grand Junction, CO.  Arizona is a known source state for distribution of controlled substances and a known destination for drug proceeds from narcotics trafficking due to its proximity to the southwest border with Mexico.

(c).     The **Subject Parcel** was heavily taped, and most of the seams were taped over.  Based on my knowledge and experience, I know individuals shipping narcotics and narcotic proceeds often use heavy tape on the package and around the seams to deter the odor of the contents.

(d).     The **Subject Parcel** was paid for with cash in the amount of $21.90.  Based on my knowledge and experience, I know parcels containing narcotics are usually paid for with cash to avoid

4

being tracked back to the sender.

22. Based on the factors listed above, I decided to hold the **Subject Parcel** for additional investigation because the **Subject Parcel** showed characteristics common to parcels containing controlled substances and/or proceeds of narcotics trafficking.

23. The following characteristics about the **Subject Parcel** were noted:

(a). A search of the sender's name and address on the **Subject Parcel**, "Jessica Martinez, 82 North Terrace Ave, PMB #355, Nogales, AZ 85621" was conducted using CLEAR, a database used by law enforcement to verify names and addresses and phone numbers. "PMB" indicates a "Post Mailbox" at a CMRA and are used by individuals to obscure their actual home address. The search return indicated a good address, but the name "Jessica Martinez" was not associated with the address. Based on my training, experience, and conversations with other law enforcement officers, I know that individuals trafficking controlled substances or proceeds from controlled substances will often use fictitious names and/or fictitious addresses in an effort to remain anonymous.

(b). A search of the recipient address on the **Subject Parcel**, "478 Bing St, Grand Junction, Colorado 81504" was conducted using CLEAR. The search did return a good address, and the name "Tony Romero" is associated with the address.

24. On April 15, 2022, at 1:58 p.m., I arranged for the **Subject Parcel** to be examined by a trained drug detecting canine, Merlin, and handler, Grand Junction Police Department Officer Joey Gonzalez. Three control parcels were placed on the ground along with the **Subject Parcel**. All parcels were placed approximately four feet away from each other. I observed Merlin sniff all of the parcels present on the floor. Officer Gonzalez confirmed Merlin positively alerted on the **Subject Parcel**.

25. On April 15, 2022, at approximately 4:00 p.m., a federal search warrant for the **Subject Parcel**, signed by U.S. Magistrate Judge Gordon P. Gallagher in Grand Junction, CO, was executed. Inside the **Subject Parcel** and wrapped inside a black plastic bag was a black and gold knitted shawl, a pink jump rope still inside packaging, and a "infunbebe" brand "flower shape sorter" children's toy which had clearly been repackaged. Secreted inside the center of the flower toy were two black bundles, which were tightly wrapped in black tape and vacuum-sealed, which concealed approximately 391 grams of blue pills labeled "M-30." Based on my training and experience these are likely to be

counterfeit as they were not contained with any factory wrapping and or packaging.  Mexican Cartels have been known to make these pills due to the high demand of opiates and these pills are often fentanyl.

26.     On April 19, 2022, at approximately 1:00 p.m., a controlled delivery of the **Subject Parcel** followed by an anticipatory search warrant of the residence and property located at 478 Bing St, Grand Junction, CO 81504 was executed.  Prior to the controlled delivery, all of the seized narcotics and contents that were recovered from the **Subject Parcel** on April 15, 2022, via the federal parcel search warrant, were removed from the package and inside the **Subject Parcel** were two decoy and or "sham" plastic bags filled with white powder and sand.

27.     On April 19, 2022, at approximately 1:03 p.m., the **Subject Parcel** was handed directly to and taken into the residence located at 478 Bing St, Grand Junction, CO 81504, by SCARROW/ROMERO.  Shortly after the **Subject Parcel** was delivered, the residence at 478 Bing St, Grand Junction, CO 81504 was secured, and ROMERO was taken into custody based on a criminal complaint and arrest warrant issued in the State and District of Colorado by US Magistrate Judge Gallagher.

28.     On April 19, 2022, at approximately 1:50 p.m., ROMERO was transported to the Mesa County Sherriff's Office located at 215 Rice St, Grand Junction, CO 81501 and was interviewed. Present in the interview were Postal Inspector Daniel Porter and Drug Enforcement Agency (DEA), Special Agent Chris Lindsay.  During the recorded interview, ROMERO acknowledged his rights per Miranda and agreed to continue speaking with agents present.  ROMERO verified that 478 Bing St, Grand Junction, CO 81504 was his current residence and SCARROW/ROMERO was his wife. ROMERO was asked what he was expecting in the **Subject Parcel**.  ROMERO stated that he thought he was getting ponchos for his kids.  ROMERO stated that after he opened the **Subject Parcel** in his bedroom, he found a bag of sand inside.  ROMERO confirmed that SCARROW/ROMERO had brought the **Subject Parcel** directly to him after the delivery.  ROMERO was asked who had sent the **Subject Parcel**, and ROMERO said from a friend.  When asked for more information on the sender of the **Subject Parcel** at approximately 2:01 p.m., ROMERO stated that he did not wish to answer any further questions without a lawyer present.

29.     Before releasing ROMERO into custody of the jail, ROMERO was asked if he had the combinations for the gun safes in the bedroom at 478 Bing St, Grand Junction, CO 81504. ROMERO stated that one of the safes had keys and ROMERO's shotgun was inside of it, but ROMERO could not recall the combination for the other safe.

30.     A search of the residence and property located at 478 Bing St, Grand Junction, CO 81504 was conducted and a total of eight (8) firearms and multiple rounds of ammunition in multiple calibers, were located inside ROMERO and SCARROW/ROMERO's bedroom inside the residence located at 478 Bing St, Grand Junction, CO 81504. Multiple rounds of ammunition were also located inside the center console of the Red Dodge Durango, Colorado license plate number BUHT89, registered to ROMERO and SCARROW/ROMERO and parked in the driveway at 478 Bing St, Grand Junction, CO 81504.

31.     The first firearm seized is a Glock 21, .45 caliber semi-automatic pistol, bearing serial number BBGN946, and according to a Bureau of Alcohol, Tobacco and Firearms, (ATF) Interstate Nexus report, was manufactured by Glock in Austria, then imported by Glock, Smyrna, GA.

32.     The second firearm seized is a Taurus mod 605, .357 caliber revolver bearing serial number CT77798, and according to an ATF Interstate Nexus report, was manufactured by Taurus in Brazil, then imported by Taurus International, Miami, FL.

33.     The third firearm seized is a Smith & Wesson Mod 61-3 .22 caliber semi-automatic pistol, bearing serial number B64856, and according to an ATF Interstate Nexus report was manufactured by Smith & Wesson in Springfield, MA.

34.     The fourth firearm seized is a Smith & Wesson M&P Shield .40 caliber semi-automatic pistol, bearing serial number HWB5693, and according to an ATF Interstate Nexus report was manufactured by Smith & Wesson in Springfield, MA.

35.     The fifth firearm seized is a Smith & Wesson M&P 9mm semi-automatic pistol, bearing serial number NBL4675, and according to an ATF Interstate Nexus report was manufactured by Smith & Wesson in Springfield, MA.

36.     The sixth firearm seized is a Springfield Armory Saint, multi-caliber semi-automatic pistol, bearing serial number ST208866, and according to an ATF Interstate Nexus report was

manufactured by Springfield Armory in Geneseo, Il.

37.     The seventh firearm seized was a Maverick 88, 12ga firearm, bearing serial number MV82080V, and according to an ATF Interstate Nexus report was manufactured by Mossburg in Eagle Pass, TX.

38.     The eighth firearm seized was a New England Firearms Pardner .410 caliber shotgun, bearing serial number NM218426, and according to an ATF Interstate Nexus report was manufactured by New England Firearms in Gardner, MA.

39.     Aside from the firearms, approximately 700 rounds of ammunition including, .223, .22, .45, .357, .40 and 9mm caliber rounds, 410 and 12-gauge shotgun shells, as well as assorted firearm parts and accessories to including a laser with mount, were all also located in ROMERO and SCARROW/ROMERO's bedroom at 478 Bing St, Grand Junction, CO 81504.

40.     Of note is that one of the pistols recovered, a .45 caliber Glock 21 that was located under the bed and inside a drawer in ROMERO and SCARROW/ROMERO's bedroom, was reported stolen in Mesa County, CO.  Case number 20-21655.  In a recorded jail call on April 19, 2022, at approximately 8:05 p.m., from the Mesa County Jail, ROMERO is speaking with SCARROW/ROMERO and when SCARROW/ROMERO mentions that the search warrant inventory stated that the Glock 21 was stolen, ROMERO replies, "What, it was?  What the fuck?  I bought it online."

41.     Also of note is that during the search warrant at 478 Bing St, Grand Junction, CO 81504, found inside a white purse and inside SCARROW/ROMERO's black wallet was a USPS receipt for an Express parcel, tracking number EI186111732US, paid for with cash and sent from Clifton, CO to Nogales, AZ on April 6, 2022, which was one of the previous suspect narcotics proceeds  or bulk cash parcels being tracked out of Clifton, CO.

42.     On April 19, 2022, during the search of the residence at 478 Bing St, Grand Junction, CO 81504, the decoy contents and or "sham" bag of sand that was placed inside the **Subject Parcel** was recovered from the trash can just inside ROMERO and SCARROW/ROMERO's bedroom, but not the bag with white powder.

43.     On April 20, 2022, Mesa County Deputy Ryan Reasoner responded to the area of the 400 block of Ridge Ln and recovered the remaining decoy contents and or "sham" white powder bag from

1     inside the **Subject Parcel** which had been discarded most likely from the backyard of 478 Bing St,

2     Grand Junction, CO 81504, prior to law enforcement executing the search warrant at the residence. The

3     remaining decoy contents and or "sham" were transported directly to and returned to the custody of the

4     Drug Enforcement Agency (DEA), in Grand Junction, CO.

5     **III.**        <u>**CONCLUSION**</u>

6     44.     Based on the above evidence, there is probable cause to believe that, on or about  and

7     between May 30, 2021 and April 19, 2022, both dates being approximate and inclusive, within the State

8     and District of Colorado and elsewhere, Anthony ROMERO, Jolene SCARROW/ROMERO, and others

9     both known and unknown, did knowingly and intentionally combine, conspire, confederate and agree,

10     with interdependence, to distribute and possess with the intent to distribute approximately 391 grams of

11     blue bills suspected of containing fentanyl, a Schedule II controlled substance, shipped through the US

12     Mail via USPS Priority Mail from Nogales, AZ to 478 Bing St, Grand Junction, CO 81504 in violation

13     of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 843(b) and

14     Title 21, United States Code, Section 846.

15     45.     Furthermore, based on the above evidence, there is probable cause to believe that, on or

16     about April 19, 2022, the date being approximate and inclusive, within the State and District of

17     Colorado and elsewhere, Anthony ROMERO did knowingly and possess firearms and ammunition, in

18     violation of Title 18, United States Code, Section 922(g)(1).

19

20                           Respectfully submitted,

21                           *s/ Daniel Porter*

22                           Daniel Porter

                              United States Postal Inspector

23

24     Submitted, attested to, and acknowledged by reliable
electronic means on April ____22____ , 2022.

25     _____

26     The Honorable Gordon P. Gallagher
United States Magistrate Judge

27     Affidavit was reviewed and submitted by
AUSA Pete Hautzinger

28