IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.:   22-MJ-68-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY ROMERO,

Defendant.

ORDER OF DETENTION

This matter came before the Court for a detention hearing on April 29, 2022. Assistant United States Attorney Hautzinger represented the Government and Assistant Federal Defender Westbroek represented the Defendant. After considering:

The contents of the file;
The complaint;
The offer of proof, evidence, and argument from the detention hearing;
The fact that probable cause was found at the preliminary hearing for all counts; and
The pretrial report:
I ORDER the Defendant detained.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court takes judicial notice of the Court's file and the information presented at hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

In this action, Defendant is charged, by way of complaint, with: conspiracy to distribute and possess with intent to distribute controlled substances; use of a communication facility to commit a felony drug trafficking offense, and possession of a firearm by a prohibited person.  Defendant is facing NMT 10 years imprisonment. For the reasons set forth on the record during the hearing the Court Orders detention.  The evidence in the case in chief appears very strong.  Defendant has a significant criminal history including two weapons related cases—one which involved shooting the victim in the face, and an eluding matter.  Defendant admitted probable cause for the weapons offense.  8 weapons were found in Defendant's bedroom and some 700 rounds of ammunition in calibers matching the various weapons.  The Court's analysis is that Defendant is dangerous and that there is no condition that will alleviate the danger.

As a result, after considering all of these factors, I find by a preponderance of the evidence that Defendant is a flight risk and I conclude that there is no condition or combination of conditions for release which will reasonably assure the Defendant's appearance for Court proceedings.

As a result, after considering all of these factors, I find by clear and convincing evidence that Defendant is a danger to the community and I conclude that there is no

condition or combination of conditions for release that will assure the safety of any other persons and the community.

Accordingly, it is hereby **ORDERED** that the Defendant is detained as a flight risk.

**ORDERED** that the Defendant is detained as a danger to the community.

**ORDERED** that the Defendant shall be committed to the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal. It is further

**ORDERED** that the Defendant shall be afforded reasonable opportunity for private consultation with counsel. It is further

**ORDERED** that upon an order of a Court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver each Defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

In accordance with the provisions of the Bail Reform Act, if at any time before trial the judicial officer determines that information exists which was not known at the time of the detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, the detention hearing may be reopened (18 U.S.C. § 3142(f)).

Dated April 29, 2022.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge